Exhibit D …………………………. Decision and Order of the Immigration Judge 6.15.21

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 VARICK ST., RM 1140
NEW YORK, NY  10014


The Law Offices of Audrey A. Thomas P.C.
Thomas, Audrey
245-07 Francis Lewis Blvd
Rosedale, NY  11422

In the matter of           File A 216-082-982      DATE: Jun 15, 2021
SOROKIN, ANNA

__ Unable to forward - No address provided.
X  Attached is a copy of the decision of the Immigration Judge. This decision
   is final unless an appeal is filed with the Board of Immigration Appeals
   within 30 calendar days of the date of the mailing of this written decision.
   See the enclosed forms and instructions for properly preparing your appeal.
   Your notice of appeal, attached documents, and fee or fee waiver request
   must be mailed to:    Board of Immigration Appeals
                         Office of the Clerk
                         5107 Leesburg Pike, Suite 2000
                         Falls Church, VA 22041
__ Attached is a copy of the decision of the immigration judge as the result
   of your Failure to Appear at your scheduled deportation or removal hearing.
   This decision is final unless a Motion to Reopen is filed in accordance
   with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
   1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
   1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
   motion must be filed with this court:
                         IMMIGRATION COURT
                         201 VARICK ST., RM 1140
                         NEW YORK, NY  10014
__ Attached is a copy of the decision of the immigration judge relating to a
   Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
   1208.31(g)(1), no administrative appeal is available. However, you may file
   a petition for review within 30 days with the appropriate Circuit Court of
   Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

__ Attached is a copy of the decision of the immigration judge relating to a
   Credible Fear Review. This is a final order. No appeal is available.

X  Other: Order of the Immigration Judge Order of Removal

                                        _____
                                        COURT CLERK
                                        IMMIGRATION COURT                FF

    cc: ASSISTANT CHIEF COUNSEL
        201 VARICK STREET, ROOM #1130
        NEW YORK, NY,  10014

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
201 VARICK STREET
NEW YORK, NEW YORK[1]

File No.: A216-082-982

| | |
|---|---|
| In the Matter of | |
| | **DETAINED** |
| **SOROKIN, Anna** | |
| | **IN REMOVAL PROCEEDINGS** |
| The Respondent | |

| **APPLICATIONS:** | INA § 208 | Asylum |
| | INA § 241(b)(3) | Withholding of Removal |
| | 8 C.F.R. §§ 1208.16(c); 1208.18 | Convention Against Torture |

**ON BEHALF OF THE RESPONDENT**
Audrey Thomas, Esq.
The Law Offices of Audrey A. Thomas P.C.
245-07 Francis Lewis Boulevard
Rosedale, New York 11422

**ON BEHALF OF DHS**
Assistant Chief Counsel
Office of the Chief Counsel
201 Varick Street, Room 1130
New York, New York 10014

## DECISION AND ORDERS OF THE IMMIGRATION JUDGE

### I.   PROCEDURAL HISTORY

Anna Sorokin ("the Respondent") is a native of Russia and citizen of Germany. *See* Exhibit ("Ex.") 2. She entered the United States ("U.S.") at Newark, New Jersey on June 7, 2017 under the provisions of the Visa Waiver Program ("VWP"). *See* Ex. 1. Under the VWP, the Respondent was authorized to remain in the U.S. for a period not to exceed 90 days. She remained beyond the authorized date. On March 25, 2021, the U.S. Department of Homeland Security ("DHS" or "the Department"), Immigration and Customs Enforcement ("ICE") detained the Respondent at Bergen County Jail. *See* Form I-830, Notice to EOIR: Alien Address. On or about March 30, 2021, the

---

[1] The circuit law applied in proceedings via VTC is the law governing the docketed hearing location. *See Matter of R-C-R-*, 28 I&N Dec. 74, 74 n.1 (BIA 2020); *see also Medina-Rosales v. Holder*, 778 F.3d 1140, 1143 (10th Cir. 2015). "The charging document establishes the hearing location, regardless of the location of the IJ and the holding of a video conference hearing." *Medina-Rosales*, 778 F.3d at 1143. *See also* INA section 239(a)(1)(G) (establishing that the NTA must indicate the time and location at which removal proceedings are held). In the present case, although the Respondent is appearing via VTC from Bergen County jail in Hackensack, New Jersey, as indicated in the NTA, the present removal proceedings are being held at and docketed at 201 Varick Street, New York, New York, in the geographic location of the United States Court of Appeals for the Second Circuit.

1

Department filed a Form I-863, Notice of Referral to Immigration Judge in accordance with 8 C.F.R. § 208.2(c), placing the Respondent in asylum-only proceedings as a VWP violator. *See* Ex. 1. The Respondent subsequently filed a Form I-589, Application for Asylum, Withholding of Removal, and protection under the Convention Against Torture ("CAT"). *See* Ex. 2. An individual hearing was scheduled for May 24, 2021, with a filing deadline of May 19, 2021.

On May 20, 2021, the Respondent filed a Motion for Continuance based on a delay in document translation. The Court denied the Respondent's motion as it was untimely and filed without a motion to allow for late filing as required by the Immigration Court Practice Manual. *See* Immigration Court Practice Manual § 3.1(d)(iii) ("If a party wishes the Immigration Judge to consider a filing despite its untimeliness, the party must make an oral or written motion to accept the untimely filing. A motion to accept an untimely filing must explain the reasons for the late filing and show good cause for acceptance of the filing.") Moreover, an initial master calendar hearing was held on April 6, 2021, in which counsel for the Respondent informed the Court that translated documents would be ready in three weeks. At a master reset hearing on April 27, 2021, counsel represented that said translated documents would be ready sometime that week. Within the approximately 30 days between the master reset and the individual hearing, counsel failed to produce the translated documents or even identify what documents needed to be translated. During the individual hearing, counsel indicated that she has had problems with the translation service. However, representations made by counsel are not evidence in the record (*see Matter of Obaigbena*, 19 I&N Dec. 533, 534 n.2 (BIA 1988)) and is insufficient without any supporting documentary evidence, such as emails or any other correspondence with the translation company regarding why the translated documents are delayed.

Furthermore, counsel failed to file a brief with respect to particular social groups[2] for asylum and withholding purposes, as well as country condition documents which are reasonably available and relevant to establishing objective evidence for purposes of protection under the CAT. The Court found no prejudice in denying the Respondent's motion because no explanation was given as to why none of these documents were provided. Counsel claims that the Respondent was in solitary confinement due to COVID-19 and that counsel herself was also quarantined due to COVID-19. Counsel also claims that she was taking 14 medications for COVID-19 that whittled down to 7, such that her illness rendered her unable to meet with the Respondent to prepare for testimony. However, no evidence was submitted in support of any of these arguments, which counsel argued for the first time during the individual hearing. Again, the Court notes that representations made by counsel are not evidence in the record. *See Matter of Obaigbena*, 19 I&N Dec. 533, 534 n.2 (BIA 1988) (The unsupported statements or assertions by counsel are not evidence on the record). Counsel also indicated for the first time at the individual hearing that she wanted to present witnesses.[3] Taking these circumstances into consideration, the Court afforded

---

[2] The Respondent claimed membership in a particular social group as the nexus for asylum and withholding of removal under the INA, but failed to file a brief delineating the particular social group, as required by this Court. Therefore, the Court finds that the Respondent has waived and abandoned any such claims. Consequently, the only form of relief available to the Respondent is protection under the CAT.

[3] Counsel indicated at one point during the individual hearing that the failure to present witnesses was the result of ineffective assistance of counsel, but that cannot be determined from the record. The Court notes that the unsupported statements or assertions by counsel are not evidence on the record. *See Matter of Obaigbena*, 19 I&N Dec. 533, 534 n.2 (BIA 1988). Moreover, such a claim may be nothing more than a dilatory tactic. Furthermore, to establish ineffective assistance of counsel, the Respondent must meet the requirements of *Matter of Lozada*, 19 I&N Dec. 637

counsel and the Respondent approximately one hour to prepare for testimony and an opportunity to request more time upon the conclusion of that hour. Both the Respondent and counsel indicated that they did not require more time after approximately one hour. The Court, therefore, proceeded with the Respondent's testimony.

For the reasons that follow, and after considering all evidence of record, the Court denies the Respondent's applications for asylum, withholding of removal, and protection under the CAT.

## II.   EXHIBITS

| | | |
|---|---|---|
| Ex. 1: | Form I-863, Notice of Referral to Immigration Judge; | |
| Ex. 2: | Form I-589, Application for Asylum and for Withholding of Removal; | |
| Ex. 3(ID): | Respondent's Emergency Motion to Continue; | |
| Ex. 4(ID): | DHS's Response to Respondent's Motion to Continue; | |
| Ex. 5: | Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative; and | |
| Ex. 6: | DHS'S Evidentiary Packet. | |

## III.   TESTIMONY

The following is a summary of the testimony of the Respondent and not findings of fact. *See Huang v. Holder*, 677 F.3d 130, 137 (2d Cir. 2012) ("[T]he IJ should take pains to make clear what part of his or her determination is fact-finding."). All record evidence has been considered, even if not specifically referenced below. *See* INA § 208(b)(1)(B)(ii).

The Respondent entered the U.S. in June of 2017 under the ESTA Visa Waiver Program. She resided in New York until she was incarcerated in October of 2017. She was arrested and indicted for multiple counts of attempted grand larceny, grand larceny, and theft of services. Her crimes were committed against various U.S. financial institutions, including Fortress Investment Group, Citibank, Signature Bank, and City National Bank. The Respondent was convicted by the trial court in April of 2019. She was ordered to pay $199,000 in restitution, which she paid with the proceeds she received from interviews and a deal with Netflix for the rights to her story. The Respondent claims her case is currently on appeal.[4]

The Respondent alleges a fear of returning to Germany because she and her parents have been harassed and received threats online due to the media coverage of her crimes. She believes that she will be prosecuted or retaliated against for embarrassing her country. The Respondent has not committed any crimes in Germany. She has no criminal history outside of the conviction she has in the U.S.

---

(BIA 1988), which includes proof of referral to the state bar. *See Matter of Melgar*, 28 I. & N. Dec. 169, 170 (BIA 2020) (the bar complaint also serves to protect against collusion between alien and counsel in which 'ineffective' assistance is tolerated, and goes unchallenged by an alien before disciplinary authorities, because it results in a benefit to the alien in that delay can be a desired end, in itself, in immigration proceedings) (internal citations omitted). There is no evidence that a referral has been made to the appropriate state bar.

[4] No notice of appeal or any other documentary evidence of the Respondent's criminal trial or allegedly pending appeal has been filed with this Court.

## IV. LEGAL STANDARDS AND ANALYSIS

### A. Credibility and Corroboration

At the threshold in all applications for relief from removal, the Court must assess the credibility of the witnesses. INA § 240(c)(4)(C); *Matter of O-D-*, 21 I&N Dec. 1079, 1081 (BIA 1998). An Immigration Judge's ("IJ") findings as to credibility are factual determinations reviewable only for clear error. 8 C.F.R. § 1003.1(d)(3)(i); *Wu Lin v. Lynch*, 813 F.3d 122, 131 (2d Cir. 2016). Because the respondent filed her application after May 11, 2005, her case is governed by the REAL ID Act of 2005. *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005) ("REAL ID"). Under the REAL ID Act, after considering "the totality of the circumstances, and all relevant factors," an IJ may base a credibility determination on: the demeanor, candor, or responsiveness of the applicant or witness; the inherent plausibility of the account; the consistency between oral and written statements; the internal consistency of such statements; the consistency of such statements with other evidence of record; and any inaccuracy or falsehood in such statements, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim," or any other factor. INA § 208(b)(1)(B)(iii); *see also Matter of J-Y-C-*, 24 I&N Dec. 260, 265-66 (BIA 2007); *Diallo v. U.S. Dep't of Justice*, 548 F.3d 232, 234 n.1 (2d Cir. 2008).

The Court finds the testimony of the Respondent credible but unpersuasive as it lacked specificity and detail. Many of the questions on direct examination and redirect were leading, thereby further undermining the persuasiveness of the Respondent's testimony. Moreover, the Respondent failed to submit any corroborating evidence to support her claims, such as criminal complaints or certificates of disposition for her criminal case, a notice of appeal or any other documentation of the current posture of her criminal case, copies of the alleged threats sent to her or her parents, documentation of the alleged harassment that she and/or her parents faced, declaration(s) or letter(s) of support, or country condition reports with respect to Germany. The Respondent's counsel during these immigration proceedings also represented her during her criminal trial. Therefore, the Court finds these documents to be reasonably available. Moreover, the Respondent provided no reasonable explanation as to why none of these documents were submitted. Thus, considering the record as a whole, the Court finds the testimony of the Respondent unpersuasive and further finds the Respondent failed to provide reasonably available corroborating evidence.

### B. Asylum

To be statutorily eligible for asylum, the applicant bears the burden of establishing that he or she is a "refugee" by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. INA §§ 101(a)(42)(A), 208(b)(1)(A); 8 C.F.R. §§ 1208.13, 1240.8(d). If eligibility is established, asylum may be granted in the exercise of discretion. INA § 208(b)(1)(A); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 423 (1987).

The Respondent claims to fear future persecution based on her membership in a particular social group. An applicant seeking asylum or withholding of removal based on membership in a

4

particular social group must clearly indicate on the record before the Immigration Judge the exact delineation of any proposed particular social group. *Matter of W-Y-C- & H-O-B-*, 27 I&N Dec. 189, 191 (BIA 2018). Here, the Respondent failed to file a brief with the Court delineating any particular social group. The Court warned the Respondent that failure to file a brief delineating the particular social group(s) would result in a finding of abandonment. Therefore, the Court finds that the Respondent has waived and abandoned any such claims.

Furthermore, an applicant is statutorily barred from asylum if the applicant, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community." INA § 208(b)(2)(A)(ii); see also 8 C.F.R. § 1208.13(c)(1). The Respondent testified to being convicted of attempted grand larceny, grand larceny, and theft of services. The Court notes that there may be instances where crimes against property will be considered particularly serious. *See Matter of G-G-S-*, 26 I&N Dec. 339, 341 (BIA 2014) (citing *Matter of Frentescu*, 18 I&N Dec. 244, 247 (BIA 1982). The Respondent also testified that her conviction is on direct appeal. However, the Respondent has failed to provide reasonably available evidence such as a notice of filing or any court documents demonstrating her appeal. The Respondent also has not provided an explanation as to why such evidence was not provided. In *Matter of J.M. Acosta*, 27 I&N Dec. 420 (BIA 2018), the BIA held that a conviction does not attain a sufficient degree of finality for immigration purposes until the right to direct appellate review on the merits of the conviction has been exhausted or waived. While there is a presumption that arises that a conviction is final for immigration purposes once DHS has established that a respondent has a criminal conviction, the respondent can rebut this presumption with evidence that an appeal has been filed within the prescribed deadline, including any extensions granted by the criminal appellate court. *Id.* at 432. Moreover, the respondent must also show that the appeal relates to the issue of guilt or innocence or concerns a substantive defect in the criminal proceedings. *Id.*

Here, while there is prima facie evidence in the record that a conviction occurred, the Respondent has failed to provide any documentation that there is no final conviction. She has also failed to provide any documentary evidence of her trial court convictions such as criminal complaints, certificates of disposition, conviction records, or sentencing information. Without such documents – which would not only inform the Court of what statutes the Respondent was convicted under, but also provide insight to the circumstances and underlying facts of the Respondent's conviction[5] – this Court cannot make an analysis in conformity with *Matter of N-A-M-*, 24 I&N Dec. 336, 342 (BIA 2007). The Court therefore finds that the Respondent is statutorily barred from asylum as she fails to meet her burden to demonstrate she has no particularly serious crime bar.

### C. Withholding of Removal

To qualify for withholding of removal, an applicant must establish a "clear probability" of persecution, meaning that it is "more likely than not" that he or she would be subject to persecution

---

[5] In determin[ing] whether the crime was particularly serious" the Immigration Judge should consider: (1) the nature of the conviction, (2) the circumstances and underlying facts of the conviction, (3) the type of sentence imposed, and (4) whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008) (citing *Matter of Frentescu*, 18 I&N Dec. 244, 247 (BIA 1982), *modified*, *Matter of C-*, 20 I&N Dec. 529 (BIA 1992)).

on account of a protected ground. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987) (citing *INS v. Stevic*, 467 U.S. 407 (1984)). A withholding applicant must "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for the persecution he or she will face. *Matter of C-T-L-*, 25 I&N Dec. 341, 348 (BIA 2010). Here, the Respondent has failed to delineate a particular social group; therefore, there is no nexus to a protected ground. Moreover, the Respondent has failed to demonstrate she has no particularly serious crime bar. Accordingly, for the reasons discussed *supra* Part IV.B, the Court finds the Respondent is statutorily barred from withholding of removal.

### D. Protection under the CAT

The Convention Against Torture and its implementing regulations provide that no person shall be removed to a country where it is "more likely than not" that such person will be subject to torture. *See* 8 C.F.R. §§ 1208.16, 1208.17, 1208.18. "Torture" is "an extreme form of cruel and inhuman treatment," defined, in part, as the intentional infliction of severe pain or suffering by, or at the instigation of, or with the consent or acquiescence of a public official. 8 C.F.R. §§ 1208.18(a)(1)-(2); *see Matter of J-E-*, 23 I&N Dec. 291, 303 (BIA 2002); *Pierre v. Gonzales*, 502 F.3d 109, 115 (2d Cir. 2007). Acquiescence of a public official requires that the official have awareness of or remain "willfully blind" to the activity to intervene to prevent such activity. 8 C.F.R. § 1208.18(a)(7); *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). A torturous act must "be specifically intended to inflict severe physical or mental pain or suffering." *Matter of R-A-F-*, 27 I&N Dec. 778, 778 (BIA 2020). The act must be motivated by "such purposes as obtaining from [the respondent] or a third person information or a confession, punishing [the respondent] for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing [the respondent] or a third person, or for any reason based on discrimination of any kind." *Id.* Torture must be directed against a person. *Jo v. Gonzales*, 458 F.3d 104, 109–10 (2d Cir. 2006) (finding the definition of "torture" does not encompass theft, destruction, expropriation, or other deprivation of property); *see also* 8 C.F.R. § 1208.18(a)(6).

Here, the Respondent has failed to provide any objective evidence that the German government would torture her or acquiesce or be willfully blind to her torture. Moreover, it is unclear as to what third party would torture her. The Court finds the Respondent's claims implausible because the victims of her only crimes are institutions in the U.S. The Respondent has not committed any crimes in or against Germany or its institutions. Her arguments that she has embarrassed the German government and that they will punish or retaliate against her for it is also implausible. The Court takes administrative notice of the 2020 State Department Report on Human Rights Practices in Germany[6], which notes that the constitution of Germany and the law prohibits torture and other cruel, inhuman, or degrading treatment or punishment. Moreover, as a member of the European Union, Germany must adhere to certain human rights requirements. The Court takes administrative notice of the Treaty on European Union[7], the Charter of Fundamental Rights of the European Union[8], and the Copenhagen criteria[9], which demonstrate that Germany is a

---

[6] *See* https://www.state.gov/reports/2020-country-reports-on-human-rights-practices/germany/
[7] *See* https://eur-lex.europa.eu/resource.html?uri=cellar:2bf140bf-a3f8-4ab2-b506-fd71826e6da6.0023.02/DOC_1&format=PDF
[8] *See* https://eur-lex.europa.eu/legal-content/EN/TXT/PDF/?uri=CELEX:12012P/TXT&from=EN
[9] *See* https://ec.europa.eu/neighbourhood-enlargement/policy/glossary/terms/accession-criteria_en

member of the European Union and, therefore, must comply with the human rights obligations of member states, which includes an explicit prohibition of torture and inhuman or degrading treatment or punishment[10]. Thus, without any documentary evidence to support the Respondent's claims, it cannot be concluded that she is more likely than not to be tortured with government acquiescence if removed to Germany. Therefore, the Court denies the Respondent's application for protection under the CAT.

Accordingly, after a careful review of the record, the following Orders will be entered:

### ORDERS

**IT IS HEREBY ORDERED** that the Respondent's application for asylum under INA § 208 be **DENIED**;

**IT IS FURTHER ORDERED** that the Respondent be removed from the U.S. to Germany;[11]

**IT IS FURTHER ORDERED** that the Respondent's application for withholding of removal under INA § 241(b)(3) be **DENIED**;

**IT IS FURTHER ORDERED** that the Respondent's application for protection under the CAT be **DENIED**.

6/15/21
Date

Charles Conroy
U.S. Immigration Judge

APPEAL RIGHTS: Both parties have the right to appeal the decision in this case. Any appeal is due at the Board of Immigration Appeals on or before thirty calendar days from the date of service of this decision.

---

[10] *See* Article 4 of the Charter of Fundamental Rights of the European Union, https://eur-lex.europa.eu/legal-content/EN/TXT/PDF/?uri=CELEX:12012P/TXT&from=EN

[11] The Court has ordered you removed from the United States. If you willfully fail or refuse to apply for the required travel documents to depart the United States, to present yourself for removal as instructed, to depart the United States as instructed, or to take any action, or conspire to take any action, to prevent or hamper your departure, you will be subject to a civil monetary penalty of not more than $500 per day you are in violation. INA §§ 240(c)(5), 274D(a); 8 C.F.R. § 1240.13(d).