Exhibit F …………………………. Decision and Order of the Immigration Judge 4.25.21

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 VARICK ST., RM 1140
NEW YORK, NY 10014

The Law Offices of Audrey A. Thomas P.C.
Thomas, Audrey
245-07 Francis Lewis Blvd
Rosedale, NY 11422

In the matter of          File A 216-082-982          DATE: Apr 26, 2021
SOROKIN, ANNA

___ Unable to forward - No address provided.

_X_ Attached is a copy of the decision of the Immigration Judge. This decision
    is final unless an appeal is filed with the Board of Immigration Appeals
    within 30 calendar days of the date of the mailing of this written decision.
    See the enclosed forms and instructions for properly preparing your appeal.
    Your notice of appeal, attached documents, and fee or fee waiver request
    must be mailed to:    Board of Immigration Appeals
                          Office of the Clerk
                          5107 Leesburg Pike, Suite 2000
                          Falls Church, VA 22041

___ Attached is a copy of the decision of the immigration judge as the result
    of your Failure to Appear at your scheduled deportation or removal hearing.
    This decision is final unless a Motion to Reopen is filed in accordance
    with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
    1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
    1229a(b)(5)(C) in removal proceedings. If you file a motion to reopen, your
    motion must be filed with this court:
                          IMMIGRATION COURT
                          201 VARICK ST., RM 1140
                          NEW YORK, NY 10014

___ Attached is a copy of the decision of the immigration judge relating to a
    Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
    1208.31(g)(1), no administrative appeal is available. However, you may file
    a petition for review within 30 days with the appropriate Circuit Court of
    Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

___ Attached is a copy of the decision of the immigration judge relating to a
    Credible Fear Review. This is a final order. No appeal is available.

___ Other: _____

                                    R. Rafailov
                                    COURT CLERK
                                    IMMIGRATION COURT                    FF

    cc: ASSISTANT CHIEF COUNSEL
        201 VARICK STREET, ROOM #1130
        NEW YORK, NY, 10014

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
201 VARICK STREET
NEW YORK, NEW YORK

File No.: 216-082-982

In the Matter of:

**SOROKIN, ANNA**          :     **BOND PROCEEDINGS**

The respondent.

**ON BEHALF OF THE RESPONDENT**
Audrey A. Thomas, Esq.
The Law Office of Audrey Thomas PLLC
245-07 Francis Lewis Blvd.
Rosedale, New York 11422

**ON BEHALF OF THE DEPARTMENT**
Susan Egan, Esq.
Assistant Chief Counsel
201 Varick Street, Room 1130
New York, New York 10014

**MEMORANDUM DECISION OF THE IMMIGRATION JUDGE**

I.   **PROCEDURAL HISTORY**

Anna Sorokin ("the respondent") is a native of the USSR and a citizen of Germany. *See* ICE Form 71-058, Visa Waiver Program, Notice of Intent to Issue a Final Administrative Removal Order. She was admitted to the United States at Newark, New Jersey on or about June 7, 2017 as a nonimmigrant visitor pursuant to INA § 217 under the Visa Waiver Program ("VWP") with authorization to remain for a temporary period not to exceed September 4, 2017. *Id.* The respondent remained in the United States beyond September 4, 2017 without authorization from the Department of Homeland Security ("the Department"). *Id.*

The Department subsequently charged the respondent as removable pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, she remained in the United States for a time longer than permitted. *Id.* On February 9, 2021, the Department issued a Final Administrative Removal Order, finding the respondent removable as charged and ordering her removed from the U.S. to Germany. *See* ICE Form 71-060, VWP Final Administrative Removal Order. The Department served the Final Order on the respondent on March 25, 2021, and thereafter detained her in the custody of the U.S. Immigration and Customs Enforcement at Bergen County Jail. *Id.*; *see also* Form I-830, Notice to EOIR: Alien Address. On March 30, 2021, the Department filed a Form I-863, Notice of Referral to Immigration Judge, indicating that the respondent was a VWP violator who had requested asylum, withholding of removal, and/or protection under the

1

Convention Against Torture and the matter had been referred to the Immigration Judge in accordance with 8 C.F.R. § 208.2(c). *See* Form I-863.

Pursuant to a motion for custody redetermination submitted by the respondent, the Court conducted a custody redetermination hearing on April 6, 2021. *See* Form I-286, Notice of Custody Determination; Resp't Emergency Motion for Bond. At the hearing, the Department did not raise issue as to the respondent's eligibility for bond. *See* Digital Audio Recording ("DAR") (Apr. 6, 2021.) The Court determined that the respondent failed to demonstrate that she is not a danger to the community and denied her request for a change in custody. *Id.*; *see also* Order of the Immigration Judge (Apr. 6, 2021). The respondent reserved appeal.

On April 8, 2021, the Court received the Department's motion to reconsider its April 6, 2021 custody determination. *See* Dep't Motion to Reconsider (Apr. 8, 2021). Specifically, the Department argued that the Court erred in conducting a custody redetermination hearing as it lacked jurisdiction over the respondent's custody status.[1] *Id.* The Court concurred with the motion and issued an order vacating its previous April 6, 2021 Order. *See* Order of the Immigration Judge (Apr. 8, 2021). On April 13, 2021, the Court received the respondent's opposition to the Department's motion to reconsider. *See* Resp't Opposition (Apr. 13, 2021).

Having now considered the written arguments of both the Department and the respondent, the Court provides the following analysis in support of its August 8, 2021 Order. For the reasons delineated *infra*, the Court (1) grants the Department's motion to reconsider, (2) vacates its prior April 6, 2021 Order, and (3) denies the respondent's request for a change in custody status on the basis that it does not have jurisdiction to review her custody status.

## II.   LEGAL STANDARDS & ANALYSIS

An Immigration Judge ("IJ") may upon his or her own motion at any time, or upon motion of the Department or the applicant, reconsider any case in which he or she has made a decision unless jurisdiction has vested with the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1003.23(b)(1). A motion to reconsider is a "request that the [IJ] reexamine [his or her] decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of O-S-G-*, 24 I&N Dec. 56, 57 (BIA 2006) (quoting *Matter of Ramos*, 23 I&N Dec. 336, 338 (BIA 2002)). "A motion to reconsider contests the correctness of the original decision based on the previous factual record, as opposed to a motion to reopen, which seeks a new hearing based on new or previously unavailable evidence." *O-S-G-*, 24 I&N Dec. at 57-58. A motion to reconsider must state the reasons for the motion by specifying the errors of fact or law in the IJ's prior decision and be supported by pertinent authority. 8 C.F.R. § 1003.23(b)(2).

This Court may consider the Department's present motion because jurisdiction has not yet vested with the BIA. The respondent indeed reserved appeal of the Court's April 6, 2021 decision; however, as of the date of this decision, the Court is not in receipt of an official filing notice with the BIA. Moreover, the Court finds that it made a legal error when conducting the respondent's

---

[1] The Department concedes that it did not raise jurisdiction as an issue at the initial custody hearing. *See* Dep't Motion to Reconsider, p. 4.

2

custody hearing on April 6, 2021, such that redetermination of its prior decision and order is warranted. *See* 8 C.F.R. § 1003.23(b)(2).

An Immigration Judge's authority to redetermine custody conditions is limited to aliens who have been issued a Notice to Appear and placed in removal proceedings under section 240 of the INA, 8 U.S.C. § 129a. *Matter of A-W-*, 25 I&N Dec. 45, 46-47 (BIA 2009); 8 C.F.R. §§ 1003.19, 1236.1(d)(1). The BIA has held that "the statutory authority for [a VWP entrant's] detention is contained in section 217(c)(2)(E) of the [INA]." *A-W-*, 25 I&N Dec. at 47. Importantly, the detention authority of the Department in this case stems from section 217(c)(2)(E) of the Act, not section 236. *See* INA § 217(c)(2)(E); 8 C.F.R. § 217.4. The Board made clear that Immigration Judges lack the authority to redetermine the custody of VWP entrants/violators, as they are not detained pursuant to INA § 236. *See A-W-*, 25 I&N Dec. at 48. Because the Attorney General does not have authority over bond proceedings relating to aliens, like the respondent, who have been admitted pursuant to the Visa Waiver Program, he cannot delegate any such authority to the Immigration Judge. Only the Department has authority over the respondent's custody. *See A-W*, 25 I&N Dec. at 47-48. Consequently, the respondent's request for a bond hearing falls outside of the authority given to the Immigration Courts and must be denied for lack of jurisdiction. As such, the Court finds that it erred in conducting the April 6, 2021 hearing and vacates the resulting order. The Court now denies the respondent's motion for custody redetermination on the basis that it lacks jurisdiction to review the custody status of a VWP entrant. *See A-W-*, 25 I&N Dec. at 48.

Accordingly, after a careful review of the record, the following Orders are entered:

### ORDERS

**IT IS HEREBY ORDERED** that the Department's Motion for Reconsideration be **GRANTED;**

**IT IS FURTHER ORDERED** that the April 6, 2021 Order of the Immigration Judge with Respect to Custody be **VACATED;**

**IT IS FURTHER ORDERED** that the respondent's request for a change in custody status be **DENIED.**

04/25/2021

_____
Date

*Thomas Mungoven*

_____
Thomas Mungoven
U.S. Immigration Judge