Exhibit G …………………………  Opposition to DHS Motion to Reconsider

THE LAW OFFICE OF AUDREY THOMAS PLLC          DETAINED
**245-07 FRANCIS LEWIS BLVD                                  BERGEN COUNTY**
**ROSEDALE, NY 11422**
**718-276-2729 (PH)**
**718-276-0196(FX)**
**AUDREYTHOMASESQ@GMAIL.COM**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE

_____

IN THE MATTER OF:                        )
                                         )
                                         )
                                         )
**ANNA SOROKIN**                         )
                                         )          **FILE NO.:  A-216-082-982**
                         Respondent )
                                         )
In Removal Proceedings                   )
_____

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE

**JUDGE:**                                        **NEXT DATE:**

**RESPONDENT'S**
**OPPOSITION TO THE GOVERNMENT'S**
**MOTION TO RECONSIDER**
**<u>SUBMITTED 4/13/2021</u>**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE

_____

IN THE MATTER OF:                       )
                                        )
                                        )
                                        )
**ANNA SOROKIN**                        )
                                        )          **FILE NO.:  A-216-082-982**
                         Respondent )
                                        **)**
In Removal Proceedings                  )
_____

**RESPONDENT'S
OPPOSITION TO THE GOVERNMENT'S
<u>MOTION TO RECONSIDER</u>**

**COME NOW** before this Honorable Court, Respondent by and through her

undersigned counsel LAW OFFICE OF AUDREY THOMAS, PLLC, 245-07

FRANCIS LEWIS BLVD, ROSEDALE, NY 11422, hereby respectfully request

that the Court deny the Government's motion to reconsider and grant such and

further relief as the Court deems just and appropriate in the instant proceedings for

the following reasons:

1.     All statements made below herein are made upon information and belief and

       are based on my conversations with Respondent, trial counsel Todd Spodek,

my, parole wife, Shelli Clarke, Respondent, my review of documents contained in the files maintained by this office, my review of Respondent's District Court, New York for the Eastern District, and my review of documents presented to me by Respondent and conversations with family members and friends of Respondent.

2.    The Respondent is currently detained in Orange County Correctional Facility, at 110 Wells Farm Road, Goshen, NY 10924, after being released on probation by a Judge of the District Court for the Eastern District of New York.

3.    Prior to this, the Respondent's filed an I589 application and the Immigration and Customs Enforcement  (ICE) served her with notice of a court date for April 6, 2021 before the Immigration Judge at 201 Varick Street, New York NY.

## PROCEDURAL HISTORY

4.    The Honorable Judge Thomas Mungoven Denied the Respondent's motion for bond redetermination on April 6, 2021.

5.    The Respondent reserved appeal.

6.    The Government accepted the decision as final.

7.    The Government filed a motion to reconsider on April 8, 2021.

8.    The Respondent now files this affirmation in opposition to the Government's motion to reconsider.

## PEDIGREE INFORMATION

9.     Respondent is a white female and a native and citizen of Germany.

10.    All statements made below herein are made upon information and belief and
       are based upon my conversations with prior counsel for Respondent,
       Respondent, members of they New York County DA's office, Respondent's
       father, my review of documents contained in the files maintained by this
       office, my review of Respondent's Criminal Court files, and my review of
       the papers and documents contained in our files.

11.    There was no prior application made by this office on Respondent's behalf
       for bond or a stay.

12.    The Respondent is currently detained at the Bergen County jail in New
       Jersey.

13.    The Respondent was released from prison on February 12, 2021 and was
       being supervised by the New York State Department of Parole pursuant to
       an order of the Honorable Justice Kiesel sentencing her to four (4) to twelve
       (12) years in prison after she was convicted at trial.

14.    The Respondent later reported to ICE at 26 Federal Plaza, New York NY
       where she as detained on March 25, 2021 after agents served her with a
       notice of a final order of deportation based on the claim that Respondent
       overstayed her terms of entry pursuant to ESTA.

15.    The Respondent filed an I589 application because Respondent she claims to

have a valid claim for asylum as she has a credible fear of returning to Germany.

## **RELATED CASE HISTORY**

16. Respondent is a 30 year old white female.

17. She was born in Russia but is not a citizen of Germany.

18. Her parents are married and are living in Germany.

19. Respondent has one sibling who also lives in Germany.

20. Respondent does not have any children and she has never been married.

21. Respondent came to the United States in 2017 under ESTA.

22. She was later arrested, detained at Riker's Island, charged, tried and convicted of the following offenses:

    a) ATTEMPTED GRAND LARCENY IN THE FIRST DEGREE PL SECTION 110/155.42; AND

    b) TWO COUNTS OF GRAND LARCENY IN THE SECOND DEGREE UNDER PENAL LAW SECTION 155.40(1); AND

    c) GRAND LARCENY IN THE THIRD DEGREE UNDER PENAL LAW SECTION 155.35(1) AND

    d) THREE COUNTS OF THEFT OF SERVICES UNDER PENAL LAW SECTION 165.15(3); AND

    e) THEFT OF SERVICES UNDER PENAL LAW 165.15(2)

23.   After being convicted, the Defendant secured contracts with NetFlix, RTL, Info Network, and others to sell her story.

24.   Justice Kiesel ordered the Defendant to pay restitution to the judgment creditors that were named in the criminal case against the defendant totaling approximately $200,000.00.

25.   The Attorney General's Office therefore commenced an action in the Supreme Court of the State of New York Albany County to seize the sum of money the Defendant was entitled to under the Son of Sam Law.

26.   The Defendant also used $30,000 of the proceeds to pay her trial attorney, Todd Spodek, Esq. and $45,000 of the proceeds to pay her appeal and immigration attorney, the Law Office of Audrey Thomas, PLLC.

27.   The remaining balance of the funds has been used to pay for the Defendant's rent and living expenses.

28.   The Respondent is under contract with various media outlets to provide imagery contained in her cell phones that are not relevant to this matter and that the District Attorney's office and the New York City Police Department have no legitimate claim to now that this trial has ended.

29.   The Order issued by Justice Kiesel awarded money judgments to the complainants and did not include any forfeiture provisions.

30.   The Respondent has filed a direct appeal of her conviction and sentence and the appeal is pending before the Appellate Division First Judicial

Department.

## TIES TO THE COMMUNITY

31.   Respondent has rented an apartment at 530 West 30th Street in New York

County.

32.   She is being supervised by the New York State Department of Parole in New

York County.

33.   Respondent has contracts with several media outlets including but not

limited to NetFlix, HBO, RTL and InfoNetwork.

34.   Respondent has a host of friends in the United States who are standing with

her and providing support and assistance to Respondent.

35.   Respondent is working on a bail reform project and is actively trying to be a

positive example of how the United States provides full and fair

opportunities to turn one's trials and tribulations into opportunities to make a

difference.

## Positive Attributes

36.   The Respondent was released on early parole by the Board of Parole for she

displayed exceptional qualities as an inmate at Albion Correctional facility

where she was housed for three years during her sentence.

37.   Respondent has paid all of the restitution that Justice Kiesel ordered despite

the fact that she is on direct appeal and was not obligated to do so.

38.   Respondent continues to serve the interests of others via her work with bail

reform and is using her conviction and sentence as a platform of hope for women and men across America.

39. The Respondent has shown that she is a woman of good character and she has done enough to warrant the discretion and consideration of the Board of Parole.

40. Therefore, it is humbly submitted that the Respondent is worthy of this Court's exercise of discretion and consideration.

## ISSUES RESPONDENT MUST OVERCOME

41. The Respondent entered under ESTA.

42. The Respondent was convicted of felony charges and served a three year jail sentence as a result of that conviction.

43. The Respondent has an administrative final order of removal.

44. Your affirmant is actively pursuing securing a full and complete copy of the file on this matter in furtherance of ascertaining the basis of this final order and will proceed accordingly once the file is received.

45. The Respondent has valid claims for relief and thus it is respectfully submitted that this Court Should Consider the same in deciding this motion.

## RESPONDENT'S CRIMINAL HISTORY

46. The Respondent has had contacts with the Criminal Justice system.

47. Respondent has one felony conviction for attempted grand larceny and other charges.

48.   Respondent respectfully requests that the Court and the Department of Homeland Security takes the Board of Parole's leniency and exercise of discretion into account and grant her application for bail as she is not a flight risk.

## BASIS OF REMOVAL

49.   It is alleged that the Respondent was served with a notice to appear with allegations stemming from her I589 application.

50.   The basis of the administrative order of removal is that the Respondent over stayed her ESTA terms of entry.

51.   However, the Respondent maintains that she did not purposely overstay her ESTA terms of entry as the Respondent was arrested and was detained and could not have departed the USA as she was housed at Albion Correctional facility.

## ARGUMENT AND STATEMENT OF THE LAW

### A. THE COURT SHOULD DENY THE GOVERNMENT'S MOTION TO RECONSIDER

52.   It is respectfully submitted that the Court should deny the applications by the Government in its entirety as the Government accepted the decision as final and the time to object has now run.

53.   In the alternative, should the court choose to consider this motion, it is submitted that denial is warranted as the arguments set forth by the Government lacks merit.

54. Contrary to the Government's contention, the Immigration Judge does have jurisdiction to make a custody redetermination in this instance.

55. Respondent's entrance under ESTA does not bar her from relief here as the Government has misapprehended or misapplied the law.

56. The government's conclusory statements are insufficient to warrant a grant to the extreme relief being pursued here.

57. The question on whether Respondent was served with a notice of a final removal has never been pursued and or litigated.

58. However, the claim that Respondent refused to sign the same leaves much to scrutiny as the instrument alleges that the Respondent was served in Buffalo and Respondent was not detained in Buffalo.

59. The Government acknowledges that the Respondent was detained and released from Albion, NY.

60. It is submitted that considering that the Respondent did as the Government acknowledges, served and filed an I-589 application, for Asylum and Withholding of Removal, claiming she feared return to Germany and the Government did refer this case to the Immigration Judge, the Court has jurisdiction, and did hold the bond hearing consistent with its authority.

61. Based on the foregoing, the Court should deny the Government's motion in its entirety and issue a decision accordingly.

## **CONCLUSION**

62.   The Court should deny the Government's request and issue a decision

accordingly.

**WHEREFORE**, it is respectfully requested that this Court should deny the

government's application for reconsideration of its bond determination and issue

such and further orders as a just and appropriate.

Dated:      Queens, NY
            April 13, 2021

Respectfully submitted,
/s/ *Audrey A. Thomas, Esq.*
_____
By: AUDREY A. THOMAS, ESQ.
(PART 130 CERTIFICATION)
THE LAW OFFICE OF AUDREY THOMAS PLLC
ATTORNEYS FOR RESPONDENT
**245-07 FRANCIS LEWIS BLVD**
**ROSEDALE, NY 11422**
**718-276-2729 (PH) 718-276-0196(FX)**
**347-869-8536 (mobile)**
**AUDREYTHOMASESQ@GMAIL.COM**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT

ON BEHALF OF RESPONDENT:

THE LAW OFFICE OF AUDREY THOMAS PLLC
**245-07 FRANCIS LEWIS BLVD**
**ROSEDALE, NY 11422**
**718-276-2729 (PH)**
**718-276-0196(FX)**
**AUDREYTHOMASESQ@GMAIL.COM**

IN THE MATTER OF
**ANNA SOROKIN**                              **FILE NO.:  A-216-082-982**

                                             IN REMOVAL PROCEEDINGS

                                             ON BEHALF OF DEPARTMENT OF
                                             HOMELAND SECURITY:
                                             CHIEF COUNSEL,
                                             201 VARICK STREET
                                             SUITE 1130
                                             NEW YORK, NY 10014

## **ORDER**

Upon due consideration of the Respondent's Opposition to the Government's

motion for reconsideration by counsel for Respondent; and

_____ non-opposition by the opposing party, or

_____opposing party was given notice and had an opportunity to respond

in the above entitled matter, it is HEREBY ORDERED; that the motion for
reconsideration by the Government is denied.

                              _____
                              IMMIGRATION COURT
Appeal:
Appeal Due By:

12

**ANNA SOROKIN**

**FILE NO.:  A-216-082-982**

### PROOF OF SERVICE

On April 13, 2021, I, AUDREY A. THOMAS, ESQ. served a copy of this

MOTION FOR BOND by Respondent's counsel and any attached pages to the

following address:

DEPARTMENT OF
HOMELAND SECURITY
CHIEF COUNSEL,
201 VARICK STREET
ROOM 1130
NEW YORK, NY 10014

Via Fedex and Email.

ANNA SOROKIN
A-216-082-982
BERGEN COUNTY JAIL
160 S RIVER STREET
HACKENSACK, NJ 07601

Via Fedex delivery.

ENFORCEMENT & REMOVAL OPERATIONS
ATTN:  JASON MASCIA DEPORTATION OFFICER
NEW YORK FIELD OFFICE
26 FEDERAL PLAZA
12TH FLOOR
NEW YORK, NY 10278

Via email.

Dated: April 13, 2021

Respectfully submitted,

/s/ *Audrey A. Thomas, Esq.*

_____

By: AUDREY A. THOMAS, ESQ.
(PART 130 CERTIFICATION)
THE LAW OFFICE OF AUDREY THOMAS PLLC
ATTORNEYS FOR RESPONDENT
**245-07 FRANCIS LEWIS BLVD**
**ROSEDALE, NY 11422**
**718-276-2729 (PH)**
**718-276-0196(FX)**
**347-869-8536 (mobile)**
**AUDREYTHOMASESQ@GMAIL.COM**