UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anna SOROKIN,<br><br>        Petitioner,<br><br> - against -<br><br>Carl E. DUBOIS, *et al.*,<br><br>        Respondents. | No. 21 Civ. 6588 (JMF)<br><br>**STIPULATION AND**<br>**[PROPOSED] ORDER** |

  WHEREAS, petitioner Anna Sorokin brought this habeas action under 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement ("ICE") without a bond hearing and seeking an order from this Court requiring that she be released or given a bond hearing with certain criteria;

  WHEREAS, Ms. Sorokin is a citizen of Germany who was admitted to the United States on June 7, 2017 under the provisions of the Visa Waiver Program ("VWP"), under which she was authorized to remain in the United States for a period not to exceed 90 days, *i.e.*, September 5, 2017; Ms. Sorokin remained in the United States beyond the authorized date;[1]

  WHEREAS, on October 25, 2017, Ms. Sorokin was arrested by law enforcement in New York on several counts of attempted grand larceny in the first degree and grant larceny in the second degree, theft of services, and grand larceny in the third degree; the total value of property Ms. Sorokin was alleged to have stolen or attempted to steal exceeded $2,153,000;

---

[1] In July 2021, Ms. Sorokin filed with U.S. Citizenship and Immigration Services ("USCIS") a Form I-539, Application to Extend/Change Nonimmigrant Status. On August 26, 2021, USCIS denied that application because Ms. Sorokin was admitted under the VWP, and thus was prohibited from extending her period of authorized stay.

WHEREAS, on April 24, 2019, Ms. Sorokin was convicted after a jury trial of attempted grand larceny, two counts of grand larceny in the second degree, theft of services, and grand larceny in the third degree; she was sentenced to four to twelve years' imprisonment, fined, and ordered to pay restitution to her victims;[2]

WHEREAS, ICE subsequently charged Ms. Sorokin as removable pursuant to the Immigration and Nationality Act in that, after admission as a nonimmigration under Section 101(a)(15) of the Act, she remained in the United States for a time longer than permitted;

WHEREAS, on February 9, 2021, ICE issued a Final Administrative Removal Order, determining that Ms. Sorokin was removable as charged and ordering her removed from the United States to Germany;

WHEREAS, on February 11, 2021, Ms. Sorokin was released from incarceration;

WHEREAS, on March 25, 2021, ICE arrested Ms. Sorokin, served her with a copy of the Final Administrative Removal Order, and detained her pending her removal to Germany;

WHEREAS, on or about March 30, 2021, after Ms. Sorokin made a request for asylum and in accordance with 8 C.F.R. § 208.2(c), ICE filed with the Varick Street Immigration Court a Form I-863, Notice of Referral to Immigration Judge, placing Ms. Sorokin in asylum-only proceedings as a VWP violator;

WHEREAS, on April 6, 2021, pursuant to a motion for custody redetermination submitted by Ms. Sorokin, an immigration judge held a bond hearing under 8 U.S.C. § 1226(a); at the conclusion of that bond hearing, the immigration judge denied bond, determining that Ms. Sorokin failed to demonstrate that she is not a danger to the community;

---

[2] In June 2019, Ms. Sorokin filed a direct appeal of that conviction, which remains pending.

WHEREAS, on April 25, 2021, the immigration judge vacated his April 6 bond determination following a motion for reconsideration filed by ICE, in which ICE argued that the immigration court lacked jurisdiction to redetermine custody for Ms. Sorokin because she was a VWP violator in asylum-only proceedings; the immigration judge agreed and denied Ms. Sorokin's request for a change in custody status for lack of jurisdiction;

WHEREAS, on June 15, 2021, an immigration judge denied Ms. Sorokin's applications for relief from removal and ordered her removed from the United States to Germany;

WHEREAS, Ms. Sorokin appealed that decision to the Board of Immigration Appeals, and that appeal remains pending as of today's date;

WHEREAS, on September 6, 2021, Ms. Sorokin filed an amended habeas petition in this Court seeking an order from the Court requiring that she be released or given a bond hearing with certain criteria, arguing, *inter alia*, that her detention under either 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231 violates due process;

WHEREAS, it is the government's position that Ms. Sorokin's amended habeas petition is without merit because, among other things, Ms. Sorokin's present detention is neither governed by § 1226(c) nor § 1231, and thus her petition arguably fails to state a claim; and

WHEREAS, nevertheless, based on the specific facts and circumstances of this case, and without conceding the merits of the case, and without waiver or prejudice to the government's ability to defend its detention authority in other similar or dissimilar cases, and in the interests of preserving party and judicial resources and expediting the resolution of this case, the Department of Justice's Executive Office for Immigration Review ("EOIR") has agreed to provide Ms. Sorokin with a bond hearing; therefore

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that:

1. This action shall be and hereby is dismissed without prejudice and without costs or attorney's fees to either party.

2. The government shall, within 14 days of the date of the entry of the Court's so-ordering of this stipulation on the docket, provide Ms. Sorokin with an individualized bond hearing before an immigration judge at which ICE bears the burden of establishing, by clear and convincing evidence, that she poses a danger to the community or a flight risk.  At that hearing, the immigration judge must consider alternative conditions of release with respect to both dangerousness and risk of flight. If the immigration judge sets a monetary bond, he or she must consider Ms. Sorokin's ability to pay in determining the appropriate bond amount.

3. The government has agreed to take this action based on the specific facts and circumstances presented in this matter, and nothing in this stipulation shall be construed as a concession of any rights or arguments by the government; nor shall it be construed to require the government to provide a bond hearing to any other noncitizen in similar or dissimilar circumstances, and this agreement shall in no way be used to undermine the government's litigation position in any other case.

[rest of page intentionally left blank]

| | |
|---|---|
| Rosedale, New York<br>September 27, 2021 | New York, New York<br>September 27, 2021 |
| THE LAW OFFICE OF<br>AUDREY THOMAS PLLC<br>Attorney for Petitioner | AUDREY STRAUSS<br>United States Attorney for the<br>Southern District of New York<br>Attorney for Respondents |
| *Audrey A. Thomas Esq*<br>Audrey A. Thomas, Esq.<br>245-07 Francis Lewis Boulevard<br>Rosedale, New York 11422<br>Tel.   (718) 276-2729 | *Ben Waterman*<br>Brandon M. Waterman, Esq.<br>Assistant United States Attorney<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>Tel.   (212) 637-2741 |

SO ORDERED:

_____   September 27, 2021
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

The Clerk of Court is directed to close this case.  All conferences are canceled.